(30 Misc. Rep. 755.)

### PAYNE v. SCHOLLHAMER.

(Supreme Court, Appellate Term.    March 9, 1900.)

LANDLORD AND TENANT—LEASE—BUILDING BECOMING UNTENANTABLE.

A leased building facing on an avenue becomes "untenantable," within the provision of the lease that "the above letting is subject, however, to any widening * * * of the avenue, and shall cease * * * in case the premises should become untenantable by reason of such alteration," as soon as the ownership of the part of the building within the lines of the avenue as widened passes out of the landlord in such a manner that it may be destroyed at any moment; as where it is sold under notice from the commissioner of highways that the purchaser must remove it within 30 days.

Appeal from municipal court, borough of the Bronx, Second district.

Action by William H. Payne against Fred Schollhamer. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Wilder & Anderson, for appellant.
Ashley, Emley & Rubino, for respondent.

PER CURIAM. The plaintiff, on March 19, 1898, leased to defendant a certain dwelling house known as "No. 1088 Washington Avenue." Prior to the execution of the lease, 11 feet of the front of the premises had been acquired by the city for the purpose of widening Washington avenue. The defendant went into possession under the lease, and remained until May 18, 1899. This action is for rent from May to September, 1899, inclusive. The justice awarded judgment for the May rent only, and plaintiff appeals.

The lease contained the following clause: "The above letting is subject, however, to any widening or change of grade of the avenue, and shall cease and determine in case the premises should become untenantable by reason of such alteration." Prior to May 8, 1899, a printed notice, purporting to be signed by the commissioner of highways, was pasted on the building announcing a sale on May 8th of the building, etc., within the lines of Washington avenue. This included the sale of eleven feet of the building rented by defendant. The notice of sale provided that the purchaser must remove the building within 30 days from date of sale, in default of which the commissioner himself would remove them. The sale took place on the advertised day (May 8th), and the building was bought in by a third party, who, as it afterwards proved, was an agent of plaintiff, and purchased for him; but there is no evidence that defendant knew or had

notice of this fact. The lease expressly contemplated and provided for its abrogation in case the premises should become untenantable in consequence of the widening of Washington avenue. I do not think that the tenant was bound to stay in possession until the purchaser or the city actually began to tear the front of the house down. He was entitled to believe that the purchaser of the city might, at any moment after the expiration of 30 days after May 8th, without further warning or notice, proceed to demolish 11 feet of the front of his building, and was entitled to take reasonable precautions to protect himself against such an event. I think the premises really became "untenantable" so soon as ownership of the building passed out of the landlord in such manner that the property might be destroyed at any moment.

Judgment affirmed, with costs.